IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOHN L. WILLIAMS | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No.: _____ |
| | ) |
| NATIONAL ASSET RECOVERY SERVICES, INC., | ) |
| | )    <u>Jury Trial Demanded</u> |
|     Defendant. | ) |
| | ) |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), in its illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

### PARTIES

4. Plaintiff John L. Williams (hereinafter "Plaintiff") is a natural person who resides in Jefferson County, Tennessee, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant National Asset Recovery Services, Inc. (hereinafter "Defendant NARS") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and may be served through its agent for service of process as follows: LexisNexis Document Solutions, Inc., 2908 Poston Avenue, Nashville, TN 37203-1312.

## FACTUAL ALLEGATIONS

6. Defendant has alleged that Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a deficiency balance on a vehicle loan allegedly owned and/or service by National Auto Finance Company (hereinafter referred to as "National Auto"), and allegedly owed by Plaintiff.

7. Sometime prior to March 11, 2011, the alleged debt went into default and was consigned, sold or otherwise transferred to Defendant for collection from Plaintiff.

### *March 11, 2011 Collection Letter*

8. Within one year prior to the filing of this Complaint, on or about March 11, 2011, Defendant NARS sent a collection letter to Plaintiff dated March 11, 2011. A copy of the March 11, 2011 collection letter is filed as Exhibit 1 to this Complaint.

9. The March 11, 2011 collection letter was sent in connection with collection of the debt and in an attempt to collect the debt, and was a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

10. The March 11, 2011 collection letter states:

   NARS File #:        5652175
   Account #:          3775133478
   Creditor:           National Auto Finance Company
   Amount Due:         $11466.24
   Settlement Amount:  $8026.37

11. The March 11, 2011 collection letter further stated that:

   "This letter is sent on behalf of the creditor listed above, regarding the amount that is now owed on the referenced debt. The amount due is $11466.24.

   In an effort to resolve this matter, the creditor is willing to settle this account for the sum of $8026.37.

   . . .

   THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

   NOTICE
   Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor."

12. The March 11, 2011 collection letter was signed – "Account Representative".

### *Failure to Provide Written Notice Containing the Amount of the Debt Within Five Days After the Initial Communication*

13. The March 11, 2011 collection letter was the "initial communication" by Defendant NARS with Plaintiff in connection with the collection of the debt.

14. Within five days after Defendant NARS sent the initial communication to Plaintiff, in the form of the March 11, 2011 collection letter, Plaintiff had not paid the debt.

15. The March 11, 2011 collection letter, the "initial communication", failed to correctly state the amount of the debt as required by 15 U.S.C. § 1692g(a)(1) because it did not disclose the fact that interest is accruing and inform the Plaintiff of the applicable interest rate. *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, LLC,* 214 F.3d 872 (7th Cir. 2000); *Stonecypher v. Finkelstein Kern Steinberg & Cunningham, Attorneys*, 2011 WL 3489685, at *5 (E.D. Tenn., Aug. 9, 2011).

16. Within five days after the "initial communication" with Plaintiff in connection with collection of the debt in the form of the March 11, 2011 letter, and within one year prior to the filing of the original complaint, Defendant NARS failed to send Plaintiff a written notice that disclosed the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

*Summary*

17. The above-detailed conduct by Defendant and its agents in connection with collection of the debt, was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

**TRIAL BY JURY**

18. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

**CAUSES OF ACTION**

**COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §§ 1692** *et seq.*

19. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

20. The foregoing acts and omissions of Defendant constitutes numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

21. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

### **COUNT I.**

### **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

### **15 U.S.C. §§ 1692 et seq.**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

March 16, 2012                              Respectfully submitted,

**JOHN L. WILLIAMS**


/s/        Alan C. Lee
Alan C. Lee, Esq., BPR # 012700
Attorney for Plaintiff
P. O. Box 1357
Talbott, TN 37877-1357
(423) 736-0201
info@alanlee.com